UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

STEVE EDGELL,

        Petitioner,                           Case No. 1:24-cv-788

v.                                                Honorable Jane M. Beckering

DALE BONN,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). In undertaking the review required by Rule 4, the Court finds that, in addition to the sentence being challenged in the instant petition, Petitioner is serving an identical sentence in a separate case. Because of this, the Court will direct Petitioner to show cause why the concurrent sentencing doctrine should not be applied to permit the Court's discretionary declination of jurisdiction.

**Discussion**

**I.  Factual Allegations**

Petitioner Steve Edgell is incarcerated with the Michigan Department of Corrections at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Petitioner comes to this Court after pleading *nolo contendere* in *People v. Edgell*, No. 2022-0000002733-FH (Calhoun Cty. Cir. Ct.), to one count of assault of a prison employee, in violation of Mich. Comp. Laws § 750.197C(a). (Pet., ECF No. 1, PageID.1.) On May 1, 2023, the Calhoun County Circuit Court sentenced Petitioner as a third habitual offender under Mich. Comp. Laws § 769.11 to 57 to 120 months imprisonment. (*Id.*); *See* Case Details, *People v. Edgell*, 2022-0000002733-FH (Calhoun Cty. Cir. Ct.), https://micourt.courts.michigan.gov/case-search/court-selection (select "Calhoun County 37th Circuit Court," enter "Last Name" Edgell, "First Name" Steven, select "Search;" select "Case ID" 2022-0000002733-FH; last visited Aug. 19, 2024).

On July 18, 2024, Petitioner filed his habeas corpus petition. (Pet., ECF No. 1, PageID.13.) The petition raises three grounds for relief, as follows:

> I.  Did the [trial] court err in misscoring OV 19 when determining the sentencing guidelines, resulting in a violation of Defendant's constitutional right to due process and statutory rights at sentencing US Const. Ams. V, XIV, Const. 1963, Art. 1 § 17?
>
> II.  Were Defendant-Appellant's rights to due process violated when the sentence agreement, as reasonably interpreted, was violated and Defendant should be granted resentencing in conformance with the agreement?
>
> III.  Is Defendant-Appellant's sentence procedurally and substantively unreasonable, disproportionate, disparate, and inequitable?

(Pet., ECF No. 1, PageID.6, 7, 9.)

However, the sentence noted above in *People v. Edgell*, No. 2022-0000002733-FH, is not the only sentence that Petitioner is presently serving. Petitioner also pleaded *nolo contendere* in *People v. Edgell*, No. 2022-0000002732-FH (Calhoun Cty. Cir. Ct.), to one count of assault of a

prison employee, in violation of Mich. Comp. Laws § 750.197C(a). Case Details, *People v. Edgell*, 2022-0000002732-FH (Calhoun Cty. Cir. Ct.), https://micourt.courts.michigan.gov/case-search/court-selection (select "Calhoun County 37th Circuit Court," enter "Last Name" Edgell, "First Name" Steven, select "Search;" select "Case ID" 2022-0000002732-FH; last visited Aug. 19, 2024). On the same date, May 1, 2023, the Calhoun County Circuit Court sentenced Petitioner to a concurrent sentence of 57 to 120 months' imprisonment. *Id.* Petitioner did not appeal the judgment against him in Case No. 2022-0000002732-FH. *Id.*

## II.     Concurrent Sentence Doctrine

The "concurrent sentence doctrine" invests a court with discretion to decline to hear a substantive challenge to a conviction when the sentence the petitioner is serving on the challenged conviction is concurrent with an equal or longer sentence on a valid conviction. *See United States v. Hughes*, 964 F.2d 536, 541 (6th Cir. 1992); *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989). The doctrine has its origins in appellate practice applicable to direct review of criminal cases. *See Benton v. Maryland*, 395 U.S. 784, 788–91 (1969); *Hirabayashi v. United States*, 320 U.S. 81 (1943). In these cases, the Supreme Court and the United States Court of Appeals for the Sixth Circuit have declined to review convictions on one count where the presence of a valid concurrent count is sufficient to retain the defendant in custody. *See, e.g., Hirabayashi*, 320 U.S. at 105; *United States v. Burkhart*, 529 F.2d 168, 169 (6th Cir. 1976). The standard guiding the court's discretion is whether there is any possibility of an adverse "collateral consequence" if the conviction is allowed to stand. *See Hughes*, 964 F.2d at 541; *Dale*, 878 F.2d at 935 n.3; *see also United States v. Byrd*, No. 89-6448, 1990 WL 116538, at *3 (6th Cir. Aug. 13, 1990); *United States v. Jackson*, No. 99-5889, 2000 WL 1290360, at *2 (6th Cir. Sept. 7, 2000); *United States v. Bell*, No. 95-6479, 1997 WL 63150, at *3 (6th Cir. Feb. 12, 1997).

Although the doctrine has its roots in direct appeals, federal courts apply it in habeas corpus actions, citing the futility of reviewing a conviction that will not result in a petitioner's release from custody. *See, e.g., Cranmer v. Chapleau*, No. 95-6508, 1996 WL 465025 (6th Cir. Aug. 13, 1996); *Scott v. Louisiana*, 934 F.2d 631, 635 (5th Cir. 1991); *Williams v. Maggio*, 714 F.2d 554 (5th Cir. 1983); *VanGeldern v. Field*, 498 F.2d 400, 403 (9th Cir. 1974). The exercise of the court's discretion depends upon the degree of prejudice that may be attributed to the challenged conviction and, specifically, the effect of any adverse collateral consequence if the conviction is not overturned. *Williams*, 714 F.2d at 555. "'[A]dverse collateral consequences' such as 'delay of eligibility for parole, a harsher sentence under a recidivist statute for any future offense, credibility impeachment, and societal stigma[,]'" may be considered. *Buffin v. United States*, 513 F. App'x 441, 448 (6th Cir. 2013). In *Pillette v. Berghuis*, 408 F. App'x 873, 886 n.8 (6th Cir. 2010), the Sixth Circuit also included "an effect on . . . a potential pardon" and "the potential for use as evidence of a prior bad act" as additional adverse consequences. *Id*.

Such remote consequences, however, "are most salient on direct appeal, not on a collateral challenge." *Buffin,* 513 F. App'x at 448. The *Buffin* court pulled the list of collateral consequences from *United States v. DiCarlo*, 434 F.3d 447, 457 (6th Cir. 2006). The *DiCarlo* court, in turn, quoted the list from *Rutledge v. United States*, 517 U.S. 292, 301-02 (1996). The *Rutledge* Court derived the list of collateral consequences from *Benton v. Maryland*, 395 U.S. 784, 790-91 (1969), and *Sibron v. New York*, 392 U.S. 40, 54-56 (1968). *DiCarlo*, *Rutledge*, *Benton* and *Sibron* were direct appeals. Moreover, *Benton* and *Sibron* considered the existence of collateral consequences because absent such a consequence there would have been no justiciable controversy in those cases. The *Benton* Court noted that the fact that it could conceive of collateral consequences that might give rise to a justiciable controversy and permit the court to exercise jurisdiction did not

4

deprive the concurrent sentence doctrine of validity as a rule of judicial convenience. *Benton*, 395 U.S. at 791. The *Benton* Court simply chose not to apply it in that case. *Id*. at 792. *Rutledge* and *DiCarlo* (and the other cases cited in *DiCarlo*) are all double jeopardy cases where the existence of collateral consequences, no matter how slight, creates the multiple punishments barred by the Double Jeopardy Clause. Such slight or remote collateral consequences should not preclude application of the concurrent sentencing doctrine when jurisdictional and double jeopardy considerations are not at issue. If they did, the doctrine would simply disappear.

As noted above, Petitioner is currently imprisoned for assault of a prison employee in two separate cases, pursuant to two separate judgments. The present petition challenges only Petitioner's sentence in *People v. Edgell*, No. 2022-0000002733-FH. (Pet., ECF No. 1, PageID.1.) Even if the Court were to vacate Petitioner's sentence in that case, Petitioner would still be serving the same sentence for his conviction in *People v. Edgell*, No. 2022-0000002732-FH. Thus, release from prison would not be available even if the sentence challenged in the present petition, were vacated.

Moreover, the sorts of collateral consequences that counsel against application of the doctrine appear to be unlikely in Petitioner's case. Petitioner has already reached the peak of Michigan's habitual offender sentence enhancement structure. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=262461 (last visited August 19, 2024).[1] Petitioner is serving an identical sentence for assault on a prison employee in *People v. Edgell*, No. 2022-0000002732-FH and, therefore, any further felony conviction could not conceivably impose any further restraint

---

[1] Although Petitioner's present sentences were enhanced as if he were a third habitual offender, Petitioner was sentenced as a fourth habitual offender—the highest recidivism enhancement in Michigan, Mich. Comp. Laws § 769.12—by the Calhoun County Circuit Court on January 28, 2010.

upon Petitioner's liberty. Moreover, the stigma associated with Petitioner's criminal history is not likely to be meaningfully reduced if Petitioner's conviction in *People v. Edgell*, No. 2022-0000002733-FH were vacated.

In light of the foregoing, it appears that it is appropriate to apply the concurrent sentence doctrine in the present case. The Court will, however, direct Petitioner to show cause, within 28 days, why the concurrent sentence doctrine should not apply in this case, i.e. what collateral consequences Petitioner might suffer is the conviction is not vacated.

An Order consistent with this Opinion will be entered.


Dated:    September 3, 2024                         /s/ Jane M. Beckering
                                                    Jane M. Beckering
                                                    United States District Judge